**PHILADELPHIA POLICE AND FIRE ASSOCIATION FOR HANDICAPPED CHILDREN, INC., et al.**

v.

**CITY OF PHILADELPHIA, et al.**

Civ. A. No. 88–5305.

United States District Court, E.D. Pennsylvania.

Feb. 9, 1989.

David Ferleger, Philadelphia, Pa., for plaintiffs.

Richard J. Gold, Chief Deputy, Doris M. Leisch, City Solicitor's Office, Philadelphia, Pa., for City defendants.

Donald M. Donaldson, Sr., Deputy, Laura Fredricks, Deputy Atty. Gen., Philadelphia, Pa., for Commonwealth defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In a Memorandum and Order dated February 2, 1989, 705 F.Supp. 1103, this Court found the Honorable John White, Jr., Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania ("DPW") and Steven Eidelman, Deputy DPW Secretary for Mental Retardation ("Commonwealth defendants") in contempt of this Court's November 17, 1988 Order. The Commonwealth defendants have moved for a stay of the February 2 Order.

In its November 17, 1988 injunctive order, the Court enjoined the City of Philadelphia, Dr. Maurice Clifford, Commissioner of the Philadelphia Department of Health, Robert W. Glover, Administrator of the Health Department's Office of Mental Health and Mental Retardation ("City defendants") and the Commonwealth defendants from terminating habilitative services to the retarded members of the plaintiff class who live at home and ordered the defendants to continue to provide such habilitative services "on the same basis and to the same extent as were provided on June 1, 1988." The Commonwealth defendants filed a notice of appeal on December 2, 1988. The City defendants, having ap-

pealed as well, moved on December 16 for a stay pending appeal or in the alternative for finding the Commonwealth defendants in contempt. The City defendants subsequently withdrew their motion for a stay pending appeal. The Commonwealth defendants did not seek a stay pending appeal of this Court's injunctive Order of November 17.

Following a hearing, this Court in its February 2 Memorandum found that the "City defendants, acting alone, without additional funds from the Commonwealth, have succeeded in maintaining the services ordered by the Court," while the "Commonwealth defendants have taken no action whatsoever in an effort to comply...." at 1104. As a result of the Commonwealth defendants' failure to obtain or allocate additional funding for services to the retarded members of the plaintiff class and the City defendants' exhaustion of all available funds for habilitative services, the Court found that the habilitative services the Court had ordered to be continued would shortly be terminated. Moreover, the Court found that the system for delivery of habilitative services through provider agencies was "in imminent danger of collapse," at 1105, because of inadequate funding. The Commonwealth defendants, in light of their intentional failure to provide the funding required in order to maintain services to the members of the plaintiff on the same basis and to the same extent as were provided on June 1, 1988, were found in contempt of the November 17 Order. The defense of the Commonwealth defendants that this Court's Order of November 17 did not order them to provide funding for the habilitation of the members of the plaintiff class has been supported by no credible evidence.

The February 2, 1989 Order found the Commonwealth defendants in contempt of the November 17 Order and ordered them to make payments in specified amounts to the City defendants on or before February 14 and April 1, 1989, said payments to be used to fund services to the class members. The Court further imposed fines for each day the funding is not provided after February 14.

On February 6th, the Commonwealth defendants appealed the February 2nd Order to the Court of Appeals and moved this Court for a stay pending appeal. This Court had not expected the request for a stay after having heard counsel for the Commonwealth defendants state at the bar of the Court at the January 18, 1989 contempt hearing that the Commonwealth defendants would come forward with the required funds if satisfied that the Court had specifically ordered them to do so. (Donaldson, N.T. 22–24). Although this Court has found that its Order of November 17th clearly directed the Commonwealth to come forth with funding, it nevertheless in its Order of February 2nd made it abundantly clear that the Commonwealth defendants had until February 14th to fund the program or pay daily fines.

Upon consideration of the impact that the grant of a stay would have upon the members of the plaintiff class, the City defendants, and the public interest as compared to the harm that is claimed by the Commonwealth defendants if the stay is denied, together with the Commonwealth defendants' likelihood of success on appeal from the February 2 Order, the Court must deny the requested stay.

The Commonwealth defendants have not established that they will be irreparably injured if the stay pending appeal is denied. It is their position that the payment of funds required to assure ongoing delivery of habilitative services to the retarded members of the plaintiff class will constitute irreparable injury to the Commonwealth if the February 2nd Order is reversed, because "the money will not be recoverable; it will be lost." The allocation of funds to provide habilitation services which all parties in this litigation agree are necessary to prevent irreparable injury to the retarded members of the plaintiff class cannot be characterized as "lost money." As the Court pointed out in its Memorandum of February 2nd, the legislature has mandated that the Commonwealth defendants "assure within the State the availability ... of adequate ... mental retarda-

tion services for all persons who need them." 50 P.S. § 4201(1).

Throughout this litigation no party has disputed that termination of habilitative services to the plaintiff class members would result in irreparable injury to each retarded member of the class. As the Court found in its February 2nd Memorandum, services cannot continue without funds being allocated by the Commonwealth defendants. The members of the plaintiff class could never be made whole for the loss which they will suffer in the event Commonwealth funding is not forthcoming. The Court finds that if a stay is granted irreparable injury will be suffered by the retarded residents of Philadelphia living at home and not by the Commonwealth defendants.

The Court has found that without Commonwealth funding, delivery of habilitative services to the retarded living at home in Philadelphia will terminate in the immediate future. As pointed out in this Court's February 2nd Memorandum, the habilitative service delivery system in the City of Philadelphia will suffer irreparable injury without funding from the Commonwealth.

Clearly, the public interest will not be served by a stay order. The public interest will only be served by providing habilitation to the mentally retarded. Today, there is a public awareness that the retarded are individuals, the great majority of whom have the potential to become productive members of our society. There is public recognition that the retarded are persons who should be provided the opportunity to participate in programs which will enable them to achieve their potential—a potential which in this case is being denied by the failure of the Commonwealth defendants to provide the funding.

Furthermore, the Commonwealth defendants have not made a convincing showing that they are likely to succeed on the merits. As heretofore pointed out, the basis of their appeal is that the November 17th Order of this Court did not specifically order the Commonwealth to fund the habilitation services which the Court ordered them to provide. As the Court has found,

the position of the Commonwealth that they were not aware that the Order required the Commonwealth to provide funding is less than credible. In any event, this Court's Order of February 2, 1989 gave the Commonwealth until February 14 to provide the necessary funding which the Commonwealth was ordered to provide in the November 17th Order of this Court.

Accordingly, this Court will enter an Order denying the Commonwealth defendants' motion for a stay pending appeal.